**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DONNA BROWN,

            Plaintiff,

vs.                                          Case No. 3:11-cv-806-J-JRK

MICHAEL ASTRUE,
Commissioner of Social Security,

            Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Donna Brown ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "depression"; "bipolar"; and "nerve problems in both legs." Transcript of Administrative Proceedings (Doc. No. 11; "Tr."), filed October 24, 2011, at 168. Plaintiff also alleges she suffers from pain in her back, arms, legs, and shoulders. Tr. at 213, 228. On June 24, 2008, Plaintiff filed an application for DIB, alleging an onset date of May 1, 2007. Tr. at 108-12. Plaintiff's application was denied initially, see Tr. at 55-57, and was denied upon reconsideration, see Tr. at 65-67.

On May 13, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 28-51. At the time of the hearing, Plaintiff was 49 years old. Tr. at 33. The ALJ issued a Decision on June 30, 2010, finding

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 12), filed October 25, 2011; Order of Reference (Doc. No. 14), entered October 28, 2011.

Plaintiff not disabled through the date of the Decision. Tr. at 10-22. On July 1, 2011 the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On August 11, 2011, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises one issue on appeal. See Memorandum in Support of Complaint (Doc. No. 16; "Pl.'s Mem."), filed November 2, 2011. Plaintiff argues that the VE's testimony is not supported by substantial evidence; therefore, according to Plaintiff, it was improper for the ALJ to rely on that testimony. Pl.'s Mem. at 4-7. After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-21. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since May 1, 2007, the alleged onset date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: degenerative disc disease of the cervical and lumbar spine, obesity, and affective mood disorder." Tr. at 12 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff can] perform less than the full range of light work as defined in 20 CFR 404.1567(b). She is able to lift 10 to 15 pounds occasionally, and lift lighter weight frequently. She can stand/walk for 20 to 30 minutes at a time, and a total of 2 to 4 hours in an eight hour workday. She is able to sit for 1 hour at a time, and a total of 6 hours in an eight hour workday. She can occasionally stoop, crouch, kneel, and climb stairs. She must avoid overhead work or crawling, and she is unable to climb ladders, ropes, or scaffolds. She is capable of repetitive, short cycle, and detailed work, with specific vocational preparation (SVP) of 1 to 4. She is capable of superficial contact with the general public.

Tr. at 15 (emphasis omitted). At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as a school bus driver. Tr. at 20 (emphasis and citation omitted). At step five, after "considering [Plaintiff's] age, education, work experience, and [RFC]," the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 20 (emphasis and citation omitted), including food checker

(sedentary), office helper (light), and cashier II (light), Tr. at 21 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from May 1, 2007, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## **IV.  Discussion**

As noted above, Plaintiff raises one issue on appeal.  Plaintiff contends the VE's testimony is not supported by substantial evidence; therefore, according to Plaintiff, the ALJ erred in relying on that testimony.  Pl.'s Mem. at 4-7.  Plaintiff specifically takes issue with the jobs the VE identified that Plaintiff can perform, which are food checker (sedentary), office helper (light), and cashier II (light).  See id.  In addressing this issue, Plaintiff makes two separate arguments: (1) the light duty jobs, office helper and cashier II, exceed the standing and walking limitations imposed by the ALJ in the hypothetical; and (2) the VE erred when she cited a sedentary job, food checker, but discussed a light duty job, food and beverage checker–neither of which Plaintiff can perform because both jobs exceed the ALJ's limitations imposed in the hypothetical.  See id.

As to the first argument, Plaintiff contends she cannot perform light duty jobs, because the Dictionary of Occupational Titles ("DOT") defines light duty jobs as "requir[ing] the ability to stand and/or walk the majority of the day – about two-thirds of the day or slightly less than six hours per day," and the ALJ's hypothetical limited Plaintiff to stand and/or walk for two to four hours per day.  Id. at 5.  Regarding the second argument, Plaintiff points out the VE's error in citing to a sedentary job (food checker) yet discussing a light duty job (food and beverage checker).  Id. at 6.  Plaintiff argues that she cannot perform either of those jobs because (1) the food checker job (sedentary) requires a great deal of contact with the general public, which contradicts the ALJ's limitation that Plaintiff only have superficial contact with the public; and (2) the food and beverage checker job (light) requires

the ability to stand and walk for more hours in a day than what the ALJ's hypothetical permits Plaintiff to do. Id. at 5-6.

The Commissioner counters by arguing that substantial evidence supports the ALJ's decision that Plaintiff could perform other work and that she is not disabled. Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem."), filed February 23, 2012, at 4. The Commissioner points out that "[a] limitation on the ability to walk/stand does not preclude all work at the light exertional level." Def.'s Mem. at 6. The Commissioner argues that "[a]lthough classified as light work, both office helper and cashier II jobs have a significant number of jobs that can be done with a sit/stand option to accommodate the RFC." Id. at 7. The Commissioner also argues that the VE's citation of the incorrect DOT section for food and beverage checker is mere harmless error and furthermore, the VE identified a sufficient number of jobs within the other categories that supports the ALJ's Decision. Id. at 8. The Commissioner concludes that the ALJ properly relied on the VE's testimony, and "Plaintiff failed to prove that she could not perform the jobs cited." Id. at 7.

The pertinent portions of the exchange between the ALJ and the VE occurred as follows:

> [ALJ]: [A]ssume that we have an individual [INAUDIBLE] around [Plaintiff's] age, 49, younger, . . . this individual would be able to lift and carry 10 to 15 pounds occasionally, could frequently carry lighter weight; would be able to sit for about one hour at a time, six hours total on a work day; be able to walk and stand approximately 20 to 30 minutes at a time, two to four hours total on a work day; would have to avoid over head work; also avoid climbing ladders and ropes, scaffolds; could occasionally stoop, crouch, kneel, and climb stairs; should avoid crawling; would be able to do repetitive, short cycle, and detailed work, but would have to avoid complex work, the work normally found in SVP 1 through 4; could have public contact, but should avoid prolonged interaction with the public--

[VE]: Superficial contact, your honor? . . .

[ALJ]: Yes.

[ALJ]: . . . This individual would be able to get along with others in the work place, supervisors and other employees; would this individual be able to return to past work performed by [ Plaintiff]?

[VE]: No, sir.

[ALJ]: Would there be other work such an individual could perform?

[VE]: Yes, sir, in the sedentary and light categories.

[ALJ]: Would you please give some examples.

[VE]: Yes, sir. An example would be Food Checker, that is listed at sedentary by the DOT, with an SVP of three, the DOT number is 211.482-014, the national numbers on that job are just under 180,000, and in the state of Florida under 10,000.

[ALJ]: Okay that's not a cashier at a . . . grocery store --

[VE]: No, it's not, your honor. It's specifically for hotels and restaurant situations where the food is checked, where the waiters and waitresses don't do all of their billing, where somebody checks to make sure that the bills are correct and the orders are correct.

 . . .

[VE]: Or where a person would order room service and there's somebody to check to make sure that that's correct and to figure out the bill . . .

 . . .

[VE]: And then there are office helper jobs, these are light exertion, with an SVP of two, <u>these allow for sitting and standing opportunities because of the varied variety of tasks</u>, that's DOT number 239.567-010, as I stated that is a light exertion job, the SVP is two, the national numbers on that are 272,000 nationally, and in the state of Florida just over 14,000. Then there are also cashier II jobs, <u>but I will reduce the numbers to allow for alternating positions</u>, the cashier II DOT number is 211.462-010, the exertion level according to the DOT overall is light, the SVP is two, . . . would be approximately 283,000 and in the state of Florida approximately 9,230.

Tr. at 48-50 (emphasis added).  After concluding his questioning of the VE, the ALJ asked the VE if her testimony was consistent with the DOT with the exception of the sit/stand option as explained. Tr. at 51. The VE answered affirmatively. Tr. at 51. Plaintiff's attorney at the hearing did not object to the VE testifying as an expert, Tr. at 46, and did not question the VE about any alleged inconsistencies, see Tr. at 51.

If an ALJ chooses to rely on a VE's testimony, the ALJ is required "to ask the VE whether there is a conflict [between the VE's testimony and the DOT,] and if the VE identifies a conflict the ALJ is required then–and only then–to address the conflict." Garskof v. Astrue, No. 5:07-cv-288-Oc-GRJ, 2008 WL 4405050, at *6 (M.D. Fla. Sept. 26, 2008) (unpublished); see SSR 00-4p, 2000 WL 1898704, at *2 (noting that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE"). If no conflict is identified, "the ALJ does not violate SSR 00-4p by relying upon the opinion of the VE–so long as the ALJ asked the VE to identify any conflicts–and the ALJ is not required independently to identify whether there is any inconsistency." Garskof, 2008 WL 4405050, at *6. Even if a conflict is identified, a "VE's testimony 'trumps' the DOT." Jones v. Comm'r of Soc. Sec., 423 F. App'x 936, 938 (11th Cir. 2011) (unpublished) (citing Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir. 1999)); see also Hurtado v. Comm'r of Soc. Sec., 425 F. App'x 793, 795-96 (11th Cir. 2011) (unpublished) (noting that a "VE is an expert on the kinds of jobs a person can perform, while the DOT simply provides generalized overviews of jobs and not the specific requirements of a job"); Jones v. Charter, 72 F.3d 81 (8th Cir.

1995) (noting that "[t]he DOT gives the approximate maximum requirement for each position, rather than the range").

Upon review of the testimony, the undersigned finds no error in the ALJ's reliance on the VE's testimony. The VE, an expert on the types of jobs a person can perform, identified three jobs Plaintiff can perform after considering the ALJ's hypothetical. Regarding the two light duty jobs, the VE specifically explained that the office helper job "allow[s] for sitting and standing opportunities because of the varied variety of tasks." Tr. at 50. The VE also reduced the number of positions available in the national economy on the cashier II job to account for Plaintiff's limitations, specifically recognizing that the reduced numbers "allow for alternating positions." Tr. at 50. Near the end of the VE's testimony, the ALJ asked the VE if her testimony was consistent with the DOT "with the exception of, as you explained, the sit/stand option?" Tr. at 51. The VE, recognizing the sit/stand option "is not addressed in the DOT," answered affirmatively. Tr. at 51. As the expert, the VE's testimony "trumps" the DOT. See Jones, 423 F. App'x at 938. Plaintiff has not provided any legal authority or other evidence to contradict the VE's testimony that Plaintiff can perform these jobs. Plaintiff's representative at the hearing, the same attorney representing her before this Court, did not object to the VE serving as an expert, Tr. at 46, and did not question the VE about any inconsistency, Tr. at 51. Consistent with the Regulations, the ALJ noted, in his Decision, pursuant to SSR 00-4p, that "the [VE's] testimony is consistent with the information contained in the [DOT]." Tr. at 21. The VE's testimony is supported by substantial evidence, and the ALJ committed no error in relying on that testimony.

Regarding the VE's alleged error in citation, the VE cited to a job listed as food checker and provided the corresponding DOT number 211.482-014. Tr. at 49. Plaintiff and the Commissioner recognize that the VE likely erred in citing to the food checker position, because it appears the VE actually described the position of food and beverage checker (DOT number 211.482-018), a light duty position. This error is harmless given that the VE cited to two other jobs with sufficient numbers in the national economy that Plaintiff can perform, i.e. office helper (272,000 jobs nationally; 14,000 jobs in Florida) and cashier II (283,000 jobs nationally; 9,230 jobs in Florida). See generally Brooks v. Barnhart, 133 F. App'x 669, 671 (11th Cir. 2005) (unpublished) (upholding ALJ's finding that 840 "jobs constituted a significant number in the national economy"); Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987) (finding 174 local jobs, 1600 jobs in the state, and 80,000 jobs nationally to be sufficient to constitute substantial evidence). Therefore, no error is found in the ALJ's Decision.

## V. Conclusion

The ALJ's reliance on the VE's testimony was in accordance with proper legal standards, and the VE's testimony relating to jobs existing in the national economy that Plaintiff can perform is substantial evidence supporting the ALJ's Decision. The VE's error in citation is harmless given the remainder of the VE's testimony. After a thorough review of the record, the undersigned is convinced that the Commissioner's final decision is supported by substantial evidence. After due consideration, it is

**ORDERED**:

    1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

    2.    The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on July 20, 2012.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

cs
Copies to:
counsel of record